IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAIIAN SLINGS, | ) | CIVIL NO. 23-00451 JAO-WRP |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| SUBARU HYUNDAI CORPORATION BIG ISLAND MOTORS, | ) | ORDER DISMISSING ACTION |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING ACTION

On November 6, 2023, Plaintiff Hawaiian Slings commenced this action by filing a Complaint against Defendant Subaru Hyundai Corporation Big Island Motors. ECF No. 1. On that same day, Plaintiff filed two separate Applications to Proceed in District Court without Prepaying Fees or Costs ("IFP Applications"). ECF Nos. 3, 6. On November 11, 2023, Plaintiff filed a First Amended Complaint. ECF No. 9. On November 15, 2023, the Court dismissed the First Amended Complaint and denied Plaintiff's IFP Applications. ECF No. 12. The Court cautioned Plaintiff that failure to file an amended complaint and concurrently file another IFP Application or pay the filing fee by the stated deadline would result in automatic dismissal of this action. *Id.*

Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In view of Plaintiff's violation of the Court's Order, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, *see Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need

to manage its docket. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendant, as they have yet to be served. Finally, there are no less drastic alternatives available at this time. This case cannot proceed without an operative pleading.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because the preceding factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this action is HEREBY DISMISSED. The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 12, 2023.



Jill A. Otake
United States District Judge

CV 23-00451 JAO-WRP; *Hawaiian Slings v. Subaru Hyundai Corporation Big Island Motors*; ORDER DISMISSING ACTION